UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN THE MATTER OF:<br>MARQUETTE TRANSPORTATION COMPANY | CIVIL ACTION<br>NO. 15-2316 |
|---|---|
| THIS DOCUMENT RELATES TO: ALL CASES | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment. R. Doc. 196. Plaintiff responds in opposition. R. Doc. 202. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

These consolidated cases involve two accidents that occurred on two separate dates on the Mississippi River. First, on September 22, 2014, the M/V BLAKE DENTON, operated by Defendant Marquette Transportation Company struck the Barge CP-12, chartered to Plaintiff Kostmayer, and pushed the CP-12 into Barge OU-701, also owned by Kostmayer. R. Doc. 1-1 at 1. Both of Plaintiff's barges were tied to a dock in the Mississippi River in East Baton Rouge Parish when Barge CP-12 was struck by the M/V BLAKE DENTON, which was traveling southbound with approximately thirty-five barges in tow. R. Doc. 1-1 at 1–2. Barge CP-12 was pushed into Barge OU-701, and both barges detached from the dock and floated freely downriver until a tow boat pushed them to the east bank. R. Doc. 1-1 at 2. Plaintiff alleges that the barges sustained substantial damages as a result of the impact and required extensive repairs. R. Doc. 1-1 at 2.

Plaintiff Kostmayer invokes the Court's jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1333, and asserts multiple negligence theories based on the actions of the captain and crew manning the Defendant's vessel: (1) inattentiveness to their duties, (2) failing to see what they should have seen, (3) failing to maintain control of the towed barges, and (4) any other acts of negligence. Rec. Doc. 1-1 at 2. Plaintiff seeks to recover property damages, including the cost of repairs, loss of use, and loss of profits. R. Doc. 1-1 at 2.

Defendant denies all allegations of negligence and asserts a number of affirmative defenses. R. Doc. 5 at 3. First, Defendant avers that the Plaintiff's barges and the dock were obstructions to navigation. R. Doc. 5 at 3. Defendant also alleges that the damages sustained by Plaintiff's barges resulted from unrelated incidents or from normal wear and tear. R. Doc. 5 at 3. Defendant alleges that Kostmayer's damages were caused solely or in part by its own fault or negligence, including failure to maintain a proper lookout, violations of the U.S. Inland Navigation Rules and other regulations, and failure to properly moor the barges without obstructing the channel. R. Doc. 5 at 4.

A second and unrelated accident between Kostmayer and Marquette occurred on December 29, 2014. In this accident, Marquette was operating the M/V MYRA ECKSTEIN near the Terminal 234 Dock Facility on the Mississippi River in Baton Rouge, LA. According to Kostmayer's Complaint in state Court, the M/V MYRA ECKSTEIN "contacted" two other crane barges operated by Kostmayer. At the time of the accident, the cranes were spudded down, or anchored, in the Mississippi River, in relation to work Kostmayer was completing on a mooring dolphin attached to the CEMUS dock near the 190 bridge in Baton Rouge. Plaintiffs James Ainsworth ("Ainsworth") and Michael Bankston ("Bankston") were employed by Kostmayer as welders, while Joseph Solomon ("Solomon") was employed by Ameri-Force and assigned to work for

Kostmayer. At the time of the accident, Ainsworth and Bankston were eating lunch on the MS DARLENE, while Solomon was working on the MS ASHLEY, the two crane barges involved in the accident. Solomon avers that when the M/V MYRA ECKSTEIN allided with the barge where he was working, he sustained personal injuries. Solomon seeks various damages, including loss of earnings and earning capacity, pain and suffering, and mental anguish and emotional trauma. Similarly, Bankston and Ainsworth allege they were working on the MS DARLENE crane barge and the time of the accident, and sustained personal injuries as a result of the allision.

The present motion deals with Interested Builders Risk Underwriter's remaining claim against Marquette. This claim seeks to recover insurance payments made to rebuild the mooring dolphin structure that was damaged.

## II. PRESENT MOTIONS

### a. Defendant Marquette's Motion for Partial Summary Judgment (R. Doc. 196)

Defendant Marquette requests that the Court grant partial summary judgment on the claims of Plaintiff Interested Builders Risk Underwriters ("IBRU"). R. Doc. 196-1 at 1. Defendant argues that IBRU does not have the right to recover insurance payments made to rebuild Plaintiff Kostmayer's dolphin structure because at the time of the damage to the dolphin it was not a permitted structure. R. Doc. 196-1 at 1.

Defendant alleges that in March 2013, the COE authorized Plaintiff Kostmayer to repair a dock and construct a dolphin "roughly 200 feet upriver from the main dock structure." R. Doc. 196-1 at 7. However, Defendant argues, when Kostmayer constructed the dolphin it used plans that had not been submitted to the COE and placed the dolphin 285 feet upriver. R. Doc. 196-1 at 7. Defendant argues that this deviation from the permitted plan requires a request to amend the permit and that Plaintiff's permit was not amended. R. Doc. 196-1 at 8-9. Defendant cites *Yaist*

3

*v. United States*, 17 Cl. Ct. 246 (1989), for the proposition that a party claiming a loss for an unpermitted structure does not have a compensable interest in that structure. R. Doc. 196-1 at 4. Therefore, Defendant argues, Plaintiffs Kostmayer and IBRU have no compensable interest in the dolphin. R. Doc. 196-1 at 9.

### b. Plaintiff Interested Builders Risk Underwriters' Response (R. Doc. 202)

Plaintiff Interested Builders Risk Underwriters responds arguing that Defendant's motion should be denied because the Army Corps has not determined that the dolphin was in an unpermitted location or that it was a navigation hazard. R. Doc. 202 at 2. Plaintiff IBRU states that an investigation remains ongoing at Army Corps of Engineers and no determination has been made at this time. R. Doc. 202 at 2. Plaintiff also argues that even if the dolphin was constructed outside the permitted area, it remains up to the US Coast Guard to determine if it was a navigation hazard. R. Doc. 202 at 3.

Plaintiff contends that to lose its compensable property rights in the dolphin would require lawful condemnation of the property, which has not occurred. R. Doc. 202 at 4. Plaintiff argues that the *Yaist* case cited by Defendant is not relevant because in *Yaist* the property in dispute had been taken by eminent domain rather than damaged by a non-government actor. R. Doc. 202 at 5. Plaintiff argues that *Yaist* holds that a party does not have a compensable interest in property that was not permitted and then was condemned by eminent domain. R. Doc. 202 at 5. Finally, Plaintiff argues that even if the dolphin was unpermitted, this would merely be a factor used to assess comparative fault rather than preclude the claim entirely. R. Doc. 202 at 6.

### c. Defendant Marquette's Reply (R. Doc. 205)

Defendant replies arguing, first, that the Court can determine that even a permitted structure was a hazard to navigation and therefore, limit Defendant's liability. R. Doc. 205-1 at 5.

Second, Defendant argues that this Court does not need to wait for the Army Corps to determine whether the dolphin was unpermitted. R. Doc. 205-1 at 2.

### III. LAW & ANALYSIS

#### a. Summary Judgment Standard (Fed. R. Civ. P. 56)

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the

facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### b. Discussion

Here, the parties dispute whether the mooring dolphin was within the permit and whether it was a navigation hazard. The question of whether the dolphin was within the permit is undoubtedly a question of fact. Because it is unclear whether the shift in location of the dolphin 85 feet up the river changes the plan enough for it to be unpermitted and it is also unclear whether 85 feet up the river, rather than out into the river, made the dolphin more hazardous to navigation than it would have been under the plan, this issue remains a disputed material fact. Furthermore, the Army Corps of Engineers is currently investigating this fact question. Having reviewed the relevant law and facts, the Court finds that the issue remains a disputed material fact. The questions surrounding whether the dolphin was within the permit, whether it was a navigational hazard, and relative fault based on these facts remain questions for the jury. Therefore, summary judgment on this issue is precluded.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Summary Judgment filed by Marquette Transportation Company, LLC is hereby **DENIED**.

New Orleans, Louisiana, this 12 day of September, 2017.

_____
UNITED STATES DISTRICT JUDGE